TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
tony.lopez@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEONARDO F. BLUNDO,<br><br>Defendant. | Case No. 2:26-cr-34-JAD-EJY<br><br>**Government's Response to Order to Show Cause [ECF 36]** |

Defendant Leonardo Blundo's motions to dismiss are unusual in that the personal knowledge of the prosecutor is relevant to the issues presented. Because undersigned counsel signed and filed the consolidated response to those motions, he did not believe a declaration attesting to facts within his personal knowledge was necessary.[1] As described below, in other circumstances, judges in this District have not required such a declaration. Still, the government has no concerns filing such a declaration and appreciates the Court

[1] Because Ms. Chattah is not an attorney assigned to this case and therefore did not sign the consolidated brief, the government included a declaration from her regarding facts within her personal knowledge.

giving it the opportunity to file a proposed corrected brief and declaration from undersigned counsel, both of which are included as Exhibits 1 and 2, respectively, to this response.

Undersigned counsel did not include a signed declaration with the original response because undersigned counsel believed that signing the response itself was sufficient verification of the facts within his knowledge. In other contexts where facts known to the prosecutor are relevant, that practice seems common. For example, AUSAs make representations in motions to seal complaints and search warrants and in motions for non-disclosure orders related to legal process without providing declarations attesting to those facts. Attorneys on both sides of the case often make representations in filings regarding their schedule and other facts in stipulations to continue trial or a hearing.

Even in contested motions to continue, undersigned counsel is aware of courts relying on attorney representations in briefs when deciding the issue. *See, e.g.*, ECF 39, *United States v. Sims*, Case No. 2:21-cr-26-GMN-BNW (D. Nev. Mar. 25, 2021) (order granting in part a motion to continue trial relying in part on factual representations made by the AUSA in its brief at ECF 29); *see also* ECF 146 (Motion to Continue Trial), *United States v. Hurbace*, Case No. 2:17-cr-110-APG-DJA (D. Nev. Jan. 25, 2021) (motion to continue that was ultimately granted based on representation in brief that the trial date conflicted with due date of counsel's forthcoming child); ECF 383 (Response Opposing Motion to Continue Trial), *United States v. Castro*, Case No. 2:19-cr-295-GMN-NJK (D. Nev. July 14, 2022) (response opposing a motion to continue trial in part because of attorney representations that "[t]wo of the government's victim-witnesses have died awaiting trial"

and "the vast majority of [the 2.8 million] documents [produced in discovery] are irrelevant or cumulative").[2]

Indeed, there are significant potential repercussions for false statements by attorneys. Local Rule IA 11-8 allows the court to "impose any and all appropriate sanctions on an attorney or party who: . . . Fails to comply with the Nevada Rules of Professional Conduct . . . ." Those Rules include a requirement that "[a] lawyer shall not knowingly: Make a false statement of fact or law to a tribunal . . . ." Nev. R. Prof. Conduct 3.3; *see also* ECF 693 (Order to Show Cause re Sanctions), *United States v. Lopez*, Case No. 2:23-cr-55-CDS-DJA (D. Nev. June 17, 2025) (requiring defense counsel who signed a brief containing material misrepresentations to show cause why they should not be sanctioned). Undersigned counsel takes these professional obligations very seriously and believed that by signing the response brief he filed he was sufficiently attesting to the facts therein of which he had personal knowledge.

However, the government would more than welcome the opportunity to provide a declaration attesting to those facts and file a corrected response that cites to that declaration where appropriate. Undersigned counsel appreciates the Court's openness to allowing those filings and requests that the Court exercise its discretion to allow him to do so.

Respectfully submitted this 6th day of November, 2026.

TODD BLANCHE
Attorney General

*/s/ Richard Anthony Lopez*
RICHARD ANTHONY LOPEZ
Assistant United States Attorney

[2] The *Castro* Court orally denied the motion to continue trial after a hearing where oral argument was held, but no witnesses were called, in which the Court took as true the representations about victims dying. *See* ECF 406 (Transcript of Hearing) at p.9, Case No. 2:19-cr-295 (D. Nev. Aug, 25, 2022).